UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
J. MARK COULSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
Phone: (410) 962-4953
Fax: (410) 962-2985

May 9, 2018

LETTER TO ALL COUNSEL OF RECORD

    Re:   *Smith v. Social Security Administration*[1]
          Civil No. 17–cv–02273–JMC

Dear Counsel:

On August 9, 2017, Ms. Shannon Michelle Smith petitioned this Court to review the Social Security Administration's final decision to deny her claims for Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 12, 13). I find that no hearing is necessary. Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and correct legal standards were employed. 42 U.S.C. § 405(g); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Ms. Smith's motion, grant the Government's motion, and affirm the Social Security Administration's judgment pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Ms. Smith filed a claim for benefits on May 1, 2013. (Tr. 27). Her claim was denied initially and on reconsideration following appeal. (Tr. 86–95). Administrative Law Judge ("ALJ") Tierney Carlos held a hearing on March 23, 2016. (Tr. 42–85). Following that hearing, on July 7, 2016, the ALJ determined that Ms. Smith was not disabled during the relevant time frame. (Tr. 24–37). The Appeals Council denied Ms. Smith's request for review on June 19, 2017, making the ALJ's decision the final, reviewable decision of the Agency. (Tr. 1–3).

In arriving at his decision to deny Ms. Smith's claim, the ALJ followed the five-step sequential evaluation of disability set forth in the Secretary's regulations. 20 C.F.R. § 416.920. "To summarize, the ALJ asks at step one whether the claimant has been working; at step two, whether the claimant's medical impairments meet the regulations' severity and duration requirements; at step three, whether the medical impairments meet or equal an impairment listed in the regulations; at step four, whether the claimant can perform her past work given the limitations caused by her medical impairments; and at step five, whether the claimant can perform other work." *Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015). If the first three steps do not yield a conclusive determination, the ALJ then assesses the claimant's residual functional capacity ("RFC"), "which is 'the most' the claimant 'can still do despite' physical and mental limitations that affect her ability to work," by considering all of the claimant's medically determinable impairments regardless of severity. *Id.* at 635 (quoting 20 C.F.R. § 416.945(a)(1)). The claimant bears the burden of proof through the first four steps of the sequential evaluation. If she makes the requisite showing, the burden shifts to the Social Security Administration at step five to prove "that the claimant can perform other work that 'exists in significant

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner of Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

numbers in the national economy,' considering the claimant's residual functional capacity, age, education, and work experience." *Lewis v. Berryhill*, 858 F.3d 858, 862 (4th Cir. 2017) (internal citations omitted).

In this case, at step one, the ALJ found that Ms. Smith had not engaged in "substantial gainful activity" since May 1, 2013, the date of Ms. Smith's application. (Tr. 29). At step two, the ALJ determined that Ms. Smith's anxiety disorder and pervasive developmental disorder constitute severe impairments under the relevant regulations. (Tr. 29–30). At step three, the ALJ found that Ms. Smith does not have an impairment or combination of impairments that meet or medically equal the severity of any of the listed impairments set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 30–32). Then, "[a]fter careful consideration of the entire record," the ALJ determined that Ms. Smith has the RFC to perform:

> a full range of work at all exertional levels but with the following nonexertional limitations: she can have no exposure to weather and is limited to work environments with no more than moderate noise level, as defined in the selected characteristics of occupations. She can be expected to respond appropriately with supervisors unlimitedly, co-workers frequently and with the public occasionally.

(Tr. 32). At step four, the ALJ determined that Ms. Smith has no past relevant work. (Tr. 36). Finally, after considering the testimony of a vocational expert, the ALJ determined that Ms. Smith can perform work existing in significant numbers in the national economy and that she was therefore not disabled during the relevant time frame. (Tr. 36–37).

The Court reviews an ALJ's decision to ensure that the ALJ's findings are supported by substantial evidence and were reached through application of correct legal standards. *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," which "consists of more than a mere scintilla of evidence but may be less than a preponderance." *Id.* (internal citations and quotations omitted). In accordance with this standard, the Court does not "undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (internal citations and quotations omitted). Instead, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Id.*

On appeal, Ms. Smith argues that the ALJ failed to: (1) consider the impact of her severe mental impairment on her RFC; and (2) acknowledge Dr. Reichenbach's neuropsychological evaluation and testing. Ms. Smith's two arguments lack merit, and both will be addressed in turn.

*Ms. Smith's Severe Mental Impairment & RFC*

Ms. Smith first argues that the ALJ, after determining that she has a severe mental impairment, failed to properly consider the impact of this impairment on her RFC. Ms. Smith cites Social Security Rulings 96-8p and 85-15 in support of her assertion as to the ALJ's alleged failure to "make any findings regarding the claimant's ability to understand, carry out and remember simple instructions, to respond appropriately to usual work situations, and to deal with changes in a routine work setting." (ECF No. 12–1 at 7–8). Ms. Smith admits that the vocational expert testified that the added limitations of "simple, routine, repetitive tasks" and "simple work-related decisions" would not affect her ability to perform the provided jobs, but also argues that the vocational expert was not asked about an individual with limitations as to "changes in a routine work setting" and "responding appropriately to usual work situations." *Id.* at 8.

Social Security regulations require an ALJ to "identify the [claimant's] functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis." *Mascio v. Colvin*, 780

2

F.3d 632, 636 (4th Cir. 2015). To satisfy the function-by-function analysis requirement, the ALJ must include a "narrative discussion of the claimant's symptoms and medical source opinions" to support the RFC determination. *White v. Commissioner*, Civ. No. SAG–16–2428, 2017 WL 1373236, at *1 (D. Md. Apr. 13, 2017) (internal citation and quotations omitted); *see also Taylor v. Astrue*, Civ. No. BPG–11–0032, 2012 WL 294532, at *6 (D. Md. Jan. 31, 2012) (internal citation and quotations omitted) (finding that an ALJ's "RFC assessment is sufficient if it includes a narrative discussion of the claimant's symptoms and medical source opinions.").

Here, at step three, the ALJ found that Ms. Smith has mild restrictions in activities of daily living, moderate difficulties in social functioning, mild difficulties with regard to concentration, persistence, or pace, and no episodes of decompensation that have been of extended duration. (Tr. 31). Even so, "a finding of moderate impairment in a particular broad functioning area does not automatically indicate that a claimant's condition will significantly impact his or her ability to perform work-related functions." *Bell v. Astrue*, Civ. No. JKS–07–00924, slip op. at *8 (D. Md. Mar. 12, 2008). As Ms. Smith has admitted, the ALJ's ultimate finding that she was not disabled during the relevant time period would not have been affected even if the ALJ had included limitations of "simple, routine, repetitive tasks" and "simple work-related decisions" within the RFC assessment, as these added limitations did not change the available jobs listed by the vocational expert at the hearing. Even if the ALJ erred by not including these limitations in the RFC assessment, such error was harmless considering the vocational expert's answers.

Ms. Smith also takes issue with the ALJ's alleged failure to include relevant limitations with regard to "changes in a routine work setting" and "responding appropriately to usual work situations." However, substantial evidence of record supports the ALJ's decision not to include any limitations regarding Ms. Smith's ability to navigate changes in a routine work setting and respond appropriately to usual work situations in the RFC determination. At step four, as described above, the ALJ found that Ms. Smith is capable of performing:
> a full range of work at all exertional levels but with the following nonexertional limitations: she can have no exposure to weather and is limited to work environments with no more than moderate noise level, as defined in the selected characteristics of occupations. She can be expected to respond appropriately with supervisors unlimitedly, co-workers frequently and with the public occasionally.

(Tr. 32). In his analysis, the ALJ noted Dr. Taller's consultative examination report, mental health treatment notes from Baltimore Washington Counseling Center, and state agency medical consultants' findings, as well as Ms. Smith's own testimony that she "can perform activities of daily living, can attend social events and can concentrate enough to play on-line computer games and read science-fiction and non-fiction books." (Tr. 33–34). Ms. Smith's first argument thus fails. These citations to the medical evidence of record demonstrate that the ALJ set forth a sufficient narrative discussion of Ms. Smith's symptoms and the medical source opinions in determining her RFC, including which limitations were necessary according to the evidence of record. Thus, Ms. Smith's first argument is without merit.

*Dr. Reichenbach's Neuropsychological Evaluation & Testing*

Second, Ms. Smith argues that the ALJ "failed to acknowledge or assign weight" to the neuropsychological evaluation and testing completed by Dr. Reichenbach and thus the ALJ's decision was not supported by substantial evidence of record. (ECF No. 12–1 at 10). Ms. Smith correctly notes that the ALJ must "explicitly indicate the weight given to all of the relevant evidence," *Perkins v. Apfel*, 101 F.Supp.2d 365, 375 (4th Cir. 1985) (internal citation omitted), because the Court "cannot determine if findings are unsupported by substantial evidence unless the [ALJ] explicitly indicates the weight given to all of the relevant evidence," *Gordon v. Schweiker*, 725 F.2d 231, 235 (4th Cir. 1984). However, Dr. Reichenbach's evaluation from June 9,

3

2005 predates the time period relevant to Ms. Smith's disability application by eight years, as the Government points out in its brief, (ECF No. 13–1 at 8). *See Grimm v. Commissioner*, Civ. No. SAG–15–3403, 2016 WL 6651300, at *2 (D. Md. Nov. 10, 2016) (remanding the case where the ALJ supported his opinion with medical evidence that predated the relevant time period for consideration of disability, rather than considering medical evidence from the relevant time period). Although the Court cannot determine whether or not an ALJ's opinion is supported by substantial evidence of record unless the ALJ assigned weight to all relevant evidence, medical testing conducted eight years before Ms. Smith's disability application filing can hardly be considered relevant to her application. *See Baylor v. Commissioner*, Civ. No. SAG–15–3520, 2016 WL 6085881, at *4 (D. Md. Oct. 18, 2016) (noting that the ALJ properly discredited certain testing results because such testing took place more than two years prior to the claimant's application filing date). In his opinion, the ALJ addressed and assigned weight to the relevant evidence of record and supported the RFC determination regarding Ms. Smith's mental impairments with substantial evidence of record. Ms. Smith's second argument is therefore unavailing.

Because there is substantial evidence to support the ALJ's findings and the findings were reached through application of the correct legal standards, Ms. Smith's Motion for Summary Judgment (ECF No. 12) is DENIED, Defendant's Motion for Summary Judgment (ECF No. 13) is GRANTED, and the Social Security Administration's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it is an Order of the Court and the Clerk is directed to docket is as such.

Sincerely yours,

/s/
J. Mark Coulson
United States Magistrate Judge